Affirmed and Memorandum Opinion filed October 30, 2003









Affirmed and Memorandum Opinion filed October 30,
2003.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01059-CR

____________

 

DONALD BOEHM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 41,977

 



 

M E M O R A N D U M  
O P I N I O N

Appellant Donald Boehm was charged with engaging in sexual
contact with D.S.H., an eight-year-old girl, and with D.R.H, her four-year-old
sister.  A jury convicted appellant of
two counts of indecency with a child and assessed his punishment at twelve
years= confinement on each
count.  In four points of error,
appellant claims (1) the evidence is legally and factually insufficient; (2)
the trial court erred in admitting D.R.H.=s testimony; (3) the trial
court erred in admitting the complainants= medical records; and (4) the
trial court erred in excluding appellant=s testimony regarding other
possible abuse.  We affirm.

 








Sufficiency of the Evidence

Legal Sufficiency

Appellant=s first point of error
challenges the sufficiency of the evidence to support his conviction for the
offense of indecency with a child as to D.S.H. and D.R.H. because he claims the
State failed to prove its case beyond a reasonable doubt.  We disagree.

Contrary to appellant=s assertion, a reviewing court
does not ask itself whether it believes the evidence at the trial established
guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979). 
Rather, when reviewing a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the elements
of the offense beyond a reasonable doubt. Id. (emphasis added); Cardenas
v. State, 30 S.W.3d 384, 389 (Tex. Crim. App.
2000).  The jury is the exclusive judge
of the credibility of the witnesses and the weight to be given their
testimony.  Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998).  Likewise,
reconciliation of conflicts in the evidence is within the exclusive province of
the jury.  Id.  A jury may choose to believe or disbelieve
any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  The reviewing court will examine the entire
body of evidence; if any evidence establishes guilt beyond a reasonable doubt,
and the fact finder believes that evidence, the appellate court may not reverse
the fact finder=s verdict on grounds of legal
insufficiency.  See Jackson, 443
U.S. at 307.

A person commits the offense of indecency with a child if,
with a person younger than 17 years of age and who is not the person=s spouse, whether the child is
of the same or opposite sex, the person engages in sexual contact with the
child or causes the child to engage in sexual contact.  See
Tex. Pen. Code Ann. ' 21.11(a) (Vernon Supp.
2001).  Sexual contact means the
following acts, if committed with the intent to arouse or gratify the sexual
desire of any person: (1) any touching by a person, including touching through
clothing, of the anus, breast, or any part of the genitals of a child; or (2)
any touching of any 








part of the body of a child, including touching through
clothing, with the anus, breast, or any part of the genitals of a person.  See Tex.
Pen. Code Ann. ' 21.11(c) (Vernon Supp.
2001).  A conviction for indecency with a
child may be supported by the uncorroborated testimony of the minor
victim.  Tex. Code Crim. Proc. Ann.
art. 38.07 (a) & (b) (Vernon=s Pamph.
2003.) 

Trial testimony revealed that appellant and the complainants= mother, Monica, have known
each other since 1998.  Over the years,
Monica, appellant, and appellant=s wife became close.  They considered each other familyChaving access to each other=s house, eating dinners
together, and helping each other in general. 
Monica testified that appellant was the little girls= grandpa.  Despite how appellant and Monica
characterized the nature of their relationshipClike that of father and
daughterCboth admitted to engaging in an
affair.  Although D.R.H. and D.S.H. live
with their respective fathers, Monica=s daughters, particularly
D.R.H., spent a lot of time at appellant=s house.         

In June 2001, D.S.H. came to Texas to spend the first half
of the summer with her mother.  During
the first part of July, appellant and his wife invited Monica, her husband, and
the two girls to join them for a week=s vacation in Tyler,
Texas.  While in Tyler, Monica noticed a
sore on the inside of D.R.H.=s thigh where her bathing suit
had irritated her.  Monica, her husband,
and appellant took D.R.H. to the hospital for medical attention.  The doctor prescribed ointment for the little
girl.  At that time, appellant noted that
he had seen the sore on D.R.H. about two weeks earlier while giving her a
bath.  Monica needed to return to work
early, so she and her husband left the girls in the care of appellant and his
wife.  She specifically requested that
appellant and his wife apply the ointment to D.R.H.=s inflamed area. 








After returning from Tyler, the girls spent one additional
night at appellant=s home in Danbury, Texas.  The next day, at their mother=s home, Monica noticed a hickey
on D.S.H.=s neck.  Both girls then confided that appellant had
touched them inappropriately.  Monica
called the police and both girls were sent to the Children=s Assessment Center in Houston
for physical evaluations. 

D.R.H. and D.S.H. both testified at appellant=s trial.  D.R.H. testified that when she was at
appellant=s house, she slept in appellant=s bed.  She stated that appellant took off his
clothes, asked her to open her legs, and touched her on her Ano-no spot@ and on her Abutt@ with his hands.  D.R.H. identified her Ano-no spot@ as the Ahole@ in her vaginal area.  She explained that her no-no spot was a place
on her body that nobody was supposed to touch. 
Additionally, she related that appellant laid on top of her, his Adick@ touched her, and that he went Aup and down@ on her Ahole.@  She also testified that appellant put his
tongue in her Ahole@ and that appellant=s Ano-no spot@ was a Along thing.@  D.R.H. stated that her dad would never touch
her in her Ano-no spot@ and that no one other than
appellant had touched her in an inappropriate place.  She stated that appellant also touched D.S.H.


D.S.H. also testified that appellant, who she at one time
called APapa Don,@ touched her private spots with
his hands and with his mouth.  She
identified her private spots as her breasts and vaginal area.  She stated that appellant=s private spot would touch her
when he laid on top of her and that appellant sucked on her neck.  Additionally, she testified that he made her
touch D.R.H.=s chest with her mouth and also
made her touch his private spot with her hand. 
She said appellant touched D.R.H. in the same places as he had touched
her.  D.S.H. related that appellant=s wife usually worked until
midnight.  She said that no one other
than appellant had touched her in an inappropriate place. 

D.R.H=s father, Eric, testified that
he had never touched either girl inappropriately.








Dr. Sheela Lahoti,
a pediatrician with the Children=s Assessment Center in Houston,
testified that D.S.H. admitted to her that her Agrampa@ had touched her a couple of
times under her clothes and that it hurt. 
Dr. Lahoti communicated that her exam of
D.S.H. returned normal results, but explained, that in examinations resulting
from allegations of sexual abuse, 80 percent of the children have such
results.  Regarding D.R.H., Dr. Lahoti testified that during the exam, the little girl
remarked that appellant had touched her buttocks with his hands after taking
off her panties.  She noted that D.R.H.=s exam results were also
normal.

Appellant testified that both girls would spend several
weekends a month at his house and they would sleep in his bed.  He conceded that at least one of the girls
sometimes slept without clothing.  He
related that Monica gave him permission to rub ointment on D.R.H.=s sore and that he applied the
ointment as directed.  Appellant admitted
touching both D.S.H.=s and D.R.H.=s vagina for Acleansing and medical@ needs.  However, he denied molesting the complainants
and stated that he believed Monica had compelled the girls to accuse him after
he refused to give her any more money. 
Appellant explained that he assisted Monica in the past by buying her
food, clothes, a truck, as well as other things to help her get back onto her
feet after her second divorce.  He said
he also gave her a significant amount of money to assist her in a custody fight
with her first ex-husband.        

Appellant=s wife testified that the night
they returned from Tyler, she worked the 10:00 p.m. to 6:00 a.m. shift.  Furthermore, she stated that generally when
she came home from work, the girls were asleep in the bed with appellant,
although sometimes, if not most of the time, he was on the computer when she
got home.  She stated that her husband
put ointment on the vaginas of both girls. 
Appellant=s wife testified that the
girls, when they were in Tyler, gave each other hickeys and that she made them
stop kissing each other on the neck. 
Appellant and his wife testified that sexual intercourse is very painful
for appellant due to a burn to his penis.

Appellant=s son, Kelly, testified that
the night they returned from Tyler, the girls slept in his dad=s bedroom and the door to his
dad=s bedroom was shut.        

The evidence detailed above is sufficient for a rational trier of fact to have found, beyond a reasonable doubt,
that appellant committed the offense of indecency as to both D.S.H. and
D.R.H.  








Venue

Appellant also argues that the
evidence is insufficient because the State failed to prove the offenses
occurred in Brazoria County, Texas. 
Specifically, he claims that if he did commit the offense of indecency
with a child, he did so in Tyler, Smith County, Texas.

As a general rule, venue is proper in the county where an
alleged sexual offense takes place. Tex.
Code Crim. Proc. Ann. arts. 13.14, 13.17 (Vernon 1977).  The burden of proof is on the State to
establish proper venue by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 13.17
(Vernon 1977); Edwards v. State, 97 S.W. 3d 279, 285 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  It is presumed that venue is proven in the
trial court unless venue is made an issue at trial or the record affirmatively
shows otherwise.  Id.; Tex. R.
App. P. 44.2(c).  Evidence is sufficient
to establish venue if Afrom the evidence the jury may
reasonably conclude that the offense was committed in the county alleged.@ Edwards, 97 S.W.3d at 285 (citing Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964)).

Appellant did not make an issue of venue at trial.  He did not move for a directed verdict on the
ground that the State failed to prove venue, nor did he raise the issue in a
post-trial motion.  

Additionally, the record does not affirmatively show that
venue was improper in Brazoria County. 
The evidence at trial showed that the acts complained of occurred in
both Danbury, Brazoria County, and in Tyler, Smith County, Texas.  D.R.H. asserted that  inappropriate touching occurred in appellant=s bed at his house.  She testified that she knew appellant=s house was located in Danbury,
Texas.  D.S.H. testified that
inappropriate touching took place both in Danbury and in Tyler.  She discussed specific acts that occurred
while at appellant=s house, including having to
touch appellant=s private spot with her hand,
having appellant suck on her neck, and having appellant lay on top of her.








A jury, sitting as trier of fact,
could reasonably infer that the acts occurred in Brazoria County, Texas, based
on the testimony of the complainants. 
Thus, venue in Brazoria County was established at trial.  Accordingly, we hold that the evidence
proving both guilt and venue is sufficient and we overrule appellant=s first point of error.

D.R.H.=s Competency to Testify

In his second point of error, appellant claims that the
trial court erred by admitting D.R.H.=s testimony because she could
not tell the difference between the truth and a lie and because she did not
understand the obligation to be truthful. 
The trial court, sua sponte,
held a hearing regarding D.R.H.=s competency to testify.  The trial judge found her competent.  Appellant did not object to this
finding.  Therefore, appellant did not
preserve this issue for appellate review.  Tex. R. App. P. 33.1(a);
Hill v. State, 3 S.W. 3d 249, 253 (Tex. App.CWaco
1999, pet. ref=d).  Appellant=s second point of error is
overruled.

Admission of Medical Records

Appellant, in his third point of error, contends that the
trial court erred in admitting the medical records of D.R.H. and D.S.H. because
the admission amounted to a needless presentation of cumulative evidence and
created a danger of unfair prejudice outweighing any probative value.  At trial, appellant objected to the admission
of the girls= medical records based on his
assertion they constituted hearsay.  He
did not object to their admission under rule 403 of the Texas Rules of
Evidence.  Because his complaint on
appeal differs from that presented to the trial court, we conclude appellant
failed to preserve this issue for our review.  Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (point of error on appeal must comport
with objection made at trial); Thomas v. State, 723 S.W.2d 696, 700
(Tex. Crim. App. 1986).  We overrule appellant=s third point of error.    








Exclusion of Appellant=s Testimony 

In
his fourth point of error, appellant claims the trial court erred by excluding
his testimony that D.R.H. admitted to him that her father had sexually abused
her.[1]  In response to appellant=s question whether she had ever
told the appellant that her father had ever touched her inappropriately, D.R.H.
stated, ANo, he would never do that.@  Outside the presence of the jury, appellant
claimed D.R.H. twice communicated to him that her father had sexually abused
her.  The State objected to the testimony
as hearsay.  Appellant argued that his
statement should be allowed as a prior inconsistent statement pursuant to rule
613 of the Texas Rules of Evidence.  The
trial judge sustained the State=s objection. 

In
support of his argument on appeal, appellant cites to the record and to a rule
of evidence, but offers no argument to explain why the testimony reveals a
prior inconsistent statement, and if it does, how the exclusion of the
testimony harmed him.[2]  Moreover, appellant cites no case law or
legal standard for reviewing the exclusion of testimony by a trial court.  This briefing is insufficient to present an
issue for appeal.  See Wyatt v.
State, 23 S.W.3d 18, 25 n.7 (Tex. Crim. App. 2000); King v. State,
17 S.W.3d 7, 23 (Tex.
App.CHouston [14th Dist.] 2000, pet. ref=d); Tex. R. App. P. 33.1. 
Appellant has a duty to cite specific legal authority and to provide
legal argument based upon that authority.  See Tex. R. App. P. 38.1(h); Rhoades v. State, 934 S.W.2d
113,119 (Tex. Crim. App. 1996).  It is not our
role to make appellant=s arguments for him.  See Wyatt, 23 S.W.3d at
25.  Without specific argument based on
proper legal authority, we have nothing to review.








Appellant also makes the argument that the trial court erred
in excluding this testimony  because it
was an admission by a party opponent under rule 801(e)(2) of the Texas Rules of
Evidence.  At trial, the judge asked
appellant what specific hearsay exception permitted the testimony.  Appellant answered, AI guess the hearsay exception
would be the prior inconsistent statement because they=re [sic] making a statement to
him different from what they [sic] testified here to at trial.@  The judge sustained the State=s hearsay objection.  Appellant did not give the trial judge an
opportunity to consider the argument that the complained-of testimony was
admissible as an admission by a party opponent. 
Failing to present a particular argument to the trial judge, and then
making the argument to the appellate court, usurps the trial judge=s function of ruling on such
arguments.  Cruse v. State, 882
S.W.2d 50, 52 (Tex. App.CHouston [14th Dist.] 1994, no pet.).  Consequently, appellant=s failure to present the trial
judge with an opportunity to rule on the argument for admission on this ground,
precludes appellant from making the argument on appeal.  Johnson v. State, 925 S.W.2d 745, 750 (Tex. App.CFort Worth 1996, pet. ref=d).  Because appellant did not present this
argument to the trial court, we conclude he failed to preserve error for
review.  Accordingly, we overrule point
of error number four.

The judgment of the trial court is affirmed.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Opinion filed October 30, 2003.

Panel
consists of Justices Yates, Hudson, and Edelman.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 











[1]  Appellant=s brief mistakenly refers to Eric as D.R.H.=s stepfather rather than father.





[2]  Appellant
offered only the following argument to contend the testimony should have been
admitted as a prior inconsistent statement:

Appellant
testified outside the presence of the jury that [D.R.H.] admitted to her [sic]
that her stepfather, Eric [], had sexually abused her.  (R.R. Vol. II at 42).  The court sustained the prosecutor=s hearsay objection to this testimony.  (R.R. Vol. II at 44).  If this court does not believe that [D.R.H.=s] statement is a prior inconsistent statement under
Rule 613 of the Texas Rules of Evidence, Appellant contends that the trial
court should have admitted this testimony because it is an admission by a
party-opponent . . . . Had the jury heard this evidence, they may have reached
a verdict of not guilty.